Joseph H. Harrington
Acting United States Attorney
Eastern District of Washington
Patrick J. Cashman
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 24, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>      v.<br><br>KENT KIMBERLING,<br><br>               Defendant. | 2:20-CR-6-WFN<br><br>Plea Agreement |

Plaintiff, United States of America, by and through William D. Hyslop, United States Attorney for the Eastern District of Washington, and Patrick J. Cashman, Assistant United States Attorney for the Eastern District of Washington, and Defendant Kent Kimberling and the Defendant's counsels, Molly Winston and Amy Rubin, agree to the following Plea Agreement:

1) <u>Guilty Plea and Maximum Statutory Penalties</u>:

The Defendant agrees to plead guilty to sole count of the Indictment filed on January 22, 2020, charging the Defendant with Possession of Unregistered Destructive Devices, in violation of 26 U.S.C. §§ 5841, 5861(d), 5871. The Defendant, understands that the charge contained in the Indictment is a Class C Felony. The Defendant also understands that the maximum statutory penalty for Possession of Unregistered Destructive Devices, in violation of 26 U.S.C. §§ 5841, 5861(d), 5871, is: (1) not more than 10 years imprisonment; (2) a fine not to exceed $250,000; (3) a

*United States v. Kent Kimberling* - Plea Agreement - 1

term of supervised release of not more than 3 years; and (4) a $100 special penalty assessment.

      The Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for up to two years.

      2)    <u>The Court is Not a Party to the Agreement</u>:

      The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement. The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

      The Defendant also understands that should the sentencing judge decide not to accept any of the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing this plea of guilty.

      3)    <u>Waiver of Constitutional Rights</u>:

      The Defendant understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

      a)    The right to a jury trial;

      b)    The right to see, hear and question the witnesses;

      c)    The right to remain silent at trial;

      d)    The right to testify at trial; and

      e)    The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney. The Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

4)  Elements of the Offense:

The United States and the Defendant agree that in order to convict the Defendant of Possession of Unregistered Destructive Devices, in violation of 26 U.S.C. §§ 5841, 5861(d), 5871, the United States would have to prove beyond a reasonable doubt the following elements:

*First*, on or about August 6, 2019, the Defendant, in the Eastern District of Washington, knowingly possessed a National Firearms Act firearm;

*Second*, the firearms was a red, white, and blue, cannon destructive device having a bore diameter in excess of one-half inch; and an improvised explosive projectile further described as a small metal compressed carbon dioxide gas cartridge and soda can;

*Third*, the Defendant knew of the characteristics of the firearm, that is, that it was a destructive device with a bore diameter greater than one-half inch and and an improvised explosive projectile;

*Fourth*, the firearm was or could readily have been put in operating condition; and

*Fifth*, the firearm was not registered to the Defendant in the National Firearms Registration and Transfer Record.

5)  Factual Basis and Statement of Facts:

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for

*United States v. Kent Kimberling* - Plea Agreement - 3

sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

On August 6, 2019, Sheriff Myers made contact with the Defendant. The Defendant was taken into protective custody for a wellness check. After the Defendant was taken into custody, Sheriff Myers informed Chief Neumann that a cannon was located in the garage and it appeared to be loaded.

On August 6, 2019, Chief Neumann and Garfield Public Works Director Shawn Clark arrived at Mary Lou Kimberling's house at 804 North 1st Street, Garfield, Washington. Ms. Kimberling took the officers to the garage and showed them where the cannon was. On August 7, 2019, Special Agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") reviewed the physical evidence. Also present with ATF were members of the Spokane Bomb Squad. Upon examination of the items, both physical and x-ray, the Bomb Squad conducted controlled burns and test fires of the cannon and various munitions. A video of the cannon, shows the cannon being ignited and subsequently ejecting a projectile into a target, leaving a large hole in the center of the target.

After reviewing the evidence, SA Wihera conducted a custodial interview of the Defendant. Prior to asking the Defendant any questions, SA Wihera advised him of his *Miranda* warnings, which the Defendant waived. The Defendant stated that he built the cannons found by the police at his mother's house. The Defendant stated numerous times that he believed the Police and Police Chief were out to get him and that the Town of Garfield is corrupt. The Defendant described himself as having triggered schizophrenic tendencies. He also said he was not seeing a doctor or receiving treatment at that time. The Defendant stated that everything law enforcement found was "legal."

On August 8, 2019, SA Wihera measured the bore of the homemade cannon. SA Wihera observed that the overall diameter was approximately 1 7/8 inch and the

*United States v. Kent Kimberling* - Plea Agreement - 4

thickness of the barrel was approximately 5/16". SA Wihera determined that the bore of the canon was approximately 1 ¼".

On November 13, 2019, ATF Firearms and Explosive Laboratory conducted a destructive device analysis of the cannon. It was Senior Explosives Enforcement Officer Brennan S. Phillip's opinion that the cannon was a destructed device because it had a bore greater than one-half inch. The Defendant further stipulates that the small metal compressed cartridge and soda can was an improvised explosive projectile.

Both destructive devices were not registered to the Defendant in the National Firearms Registration and Transfer Record.

6) <u>The United States Agrees Not to File Additional Charges</u>:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in this Indictment, unless the Defendant breaches this Plea Agreement any time before or after sentencing.

7) <u>United States Sentencing Guideline Calculations</u>:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter USSG) are applicable to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing.

a) <u>Base Offense Level</u>:

The United States and the Defendant agree that the base offense level for Possession of Unregistered Destructive Devices, in violation of 26 U.S.C. §§ 5841, 5861(d), 5871 is 18. *See* USSG §2K2.1(a)(5).

//
//
//

*United States v. Kent Kimberling* - Plea Agreement - 5

b) <u>Specific Offense Characteristics</u>:

The United States will argue that the base offense is increased by an additional four (4) levels because the Defendant possessed between eight and twenty-four firearms. *See* USSG §2K2.1(b)(1)(B).

Additionally, the United States will argue that the base offense is increased by an additional two (2) levels because the devices were destructive devices. *See* USSG §2K2.1(b)(3)(B).

Defendant reserves the right to object to each of these special offense characteristics. The United States agrees not to seek the application of any other specific offense characteristics or enhancements.

c) <u>Acceptance of Responsibility</u>:

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and enters a plea of guilty no later than March 24, 2021, the United States will move for a three (3) level downward adjustment in the offense level for the Defendant's timely acceptance of responsibility, pursuant to USSG §3E1.1(a) and (b).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a three (3) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

d) <u>Adjusted Offense Level</u>:

The United States believes Defendant's final adjusted offense level would be twenty-one (21).

//

//

*United States v. Kent Kimberling* - Plea Agreement - 6

e) <u>Criminal History</u>:

The United States and the Defendant understand that the Defendant's criminal history computation is tentative and that ultimately the Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report. The United States and the Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigation Report is completed.

8) <u>Departures/Variance</u>:

The Defendant intends to request a downward departure/variance from the sentencing guidelines. The United States reserves its right to oppose any downward departure/variance.

9) <u>Incarceration</u>:

The United States agrees to recommend that the Court impose a sentence no greater than the low end of the applicable sentencing guideline range as determined by the Court at the time of sentencing. The Defendant may argue for any legal sentence he deems appropriate. However, Mr. Kimberling reserves the right to appeal if the Court sentences him to anything greater than 24 months.

10) <u>Criminal Fine</u>:

The United States and the Defendant agree to recommend no criminal fine.

11) <u>Supervised Release</u>:

The United States and the Defendant agree to recommend that the Court impose a 3 year term of supervised release to include the following special conditions, in addition to the standard conditions of supervised release:

a) that the Defendant participate and complete such drug testing and drug treatment programs as the Probation Officer directs; and

b) that the Defendant complete mental health evaluations and treatment, including taking medications prescribed by the treatment provider. The Defendant shall allow reciprocal release of information between the Probation Officer and the

*United States v. Kent Kimberling* - Plea Agreement - 7

treatment provider. The Defendant shall contribute to the cost of treatment according to the Defendant's ability.

c) that the Defendant's person, residence, office, vehicle, and belongings are subject to search at the direction of the Probation Officer.

12) <u>Mandatory Special Penalty Assessment</u>:

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

13) <u>Payments While Incarcerated</u>:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons Inmate Financial Responsibility Program.

14) <u>Administrative Forfeiture</u>:

The Defendant agrees to voluntarily forfeit any and all right, title, and interest he has in any and all firearms and other assets seized by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), on or about August 6, 2019, in favor of ATF. The assets to be administratively forfeited include, but are not limited to, the following:

- A Savage 110 .243 caliber rifle, SN: 67819;
- A Harrington & Richardson Topper 58 .410 caliber shotgun, SN: AN216287;
- A Ruger 10/22 .22 caliber rifle, SN: 116-28013;
- A Tanfoglio F. LLI, SNC Easa .22 caliber revolver, SN: E26607;
- A Ruger Single Six .22 caliber revolver, SN 63-41830; and,
- A Rohm RG66 .22 caliber revolver, SN IC288032.

The Defendant hereby withdraws his claim and petition submitted in ATF's administrative forfeiture action and agrees not to contest the forfeiture of the assets in the administrative forfeiture proceedings initiated against said assets by ATF. Defendant hereby agrees to execute any and all forms, documents, and pleadings, if necessary, to effectuate the administrative forfeiture of any assets seized by ATF in this matter. Defendant consents to the forfeiture, destruction, and/or return of assets to lawful owners, without further notice.

The Defendant agrees to hold all law enforcement agents and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure, forfeiture, destruction or return to lawful owner, of any asset(s) covered by this agreement.

15) <u>Additional Violations of Law Can Void Plea Agreement</u>:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

16) <u>Appeal Rights</u>:

In return for the concessions that the United States has made in this plea agreement the Defendant agrees to waive his right to appeal his sentence if the Court sentences the Defendant to a term of incarceration of 24 months or less; and a term of supervised release of 3 years or less.

Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

*United States v. Kent Kimberling* - Plea Agreement - 9

Should this conviction be set aside, reversed, or vacated, this Plea Agreement is null and void and the United States may institute or re-institute any charges against the Defendant and make derivative use of any statements or information the Defendant has provided.

However, nothing precludes the United States or the Defendant from appealing an illegal sentence or one not in accordance with the correct application of the sentencing guidelines, consistent with the terms of this plea.

17) Integration Clause:

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Joseph H. Harrington
Acting United States Attorney

_____    3/23/2021
Patrick J. Cashman            Date
Assistant U.S. Attorney

*United States v. Kent Kimberling* - Plea Agreement - 10

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____  _____
Kent Kimberling                                    Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_____  _____
Molly Winston                                      Date
Attorney for the Defendant

*United States v. Kent Kimberling* - Plea Agreement - 11